Esther C. Rodriguez
Nevada State Bar No. 006473
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
info@rodriguezlaw.com

Richard J. (Rex) Burch*
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson*
Texas State Bar No. 24014780
Andrew W. Dunlap*
Texas State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100; Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

\* To apply for admission *pro hac vice*.

*Attorneys for Rosales and the Hourly Employees*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NICANDRO ROSALES, Individually and On Behalf of Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>JERRITT CANYON GOLD LLC and FM US HOLDINGS LIMITED,<br><br>        Defendant. | **Case No.** _____<br><br>**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);<br><br>(2) Failure to Pay for All Hours Worked Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.016).<br><br>(3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution;<br><br>(4) Failure to Pay Overtime under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.018); and<br><br>(5) Failure to Timely Pay All Wages Due and Owing Under Nevada Law (Nev. Rev. Stat. §§ 608.140 and 608.020-050). |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Nicandro Rosales (Rosales) brings this class and collective action to recover unpaid wages and other damages from Jerritt Canyon Gold LLC and FM US Holdings Limited (Jerritt Canyon) for violations of the Fair Labor Standards Act (FLSA) and Nevada law.

2.      Jerritt Canyon employed Rosales as one of its Hourly Employees (defined below).

3.      Jerritt Canyon pays Rosales and the other Hourly Employees by the hour.

4.      Rosales and the other Hourly Employees regularly work more than 40 hours a workweek.

5.      However, Jerritt Canyon does not pay Rosales and the other Hourly Employees for all their hours worked, including overtime hours.

6.      Rather, Jerritt Canyon requires Rosales and the other Hourly Employees to suit out in protective clothing and safety gear necessary to safely perform their job duties and travel to their workstations prior the start of their shifts.

7.      Likewise, Jerritt Canyon requires Rosales and the other Hourly Employees to change out of and store their safety gear and protective clothing, wash up, and depart the mine "off the clock" following the end of their shifts (¶¶ 6 and 7 together comprise Jerritt Canyon's "pre/post shift off the clock policy").

8.      But Jerritt Canyon does not pay Rosales and the other Hourly Employees for this "off the clock" time before and after their shifts.

9.      Jerritt Canyon likewise does not authorize or permit Rosales and the other Hourly Employees to take meal or rest periods, in violation of NRS § 608.019.

10.      Rather, Jerritt Canyon requires them to perform their job duties throughout their shifts.

11.    Jerritt Canyon's pre/post shift off the clock policy violates the FLSA and Nevada law by depriving Rosales and the other Hourly Employees of wages, including overtime wages, for all hours worked.

12.    In addition to failing to pay Rosales and the other Hourly Employees for all their hours worked, Jerritt Canyon also fails to pay them overtime at the required premium rate.

13.    Instead, Jerritt Canyon pays them non-discretionary bonuses calculated based on production and hours worked by each Hourly Employee (Jerritt Canyon's "bonus pay scheme").

14.    Jerritt Canyon's bonus pay scheme violates the FLSA and Nevada law by depriving Rosales and the other Hourly Employees of overtime wages at rates not less than 1.5 times their regular rates of pay —based on all remuneration—for hours worked in excess of 40 a workweek.

15.    Finally, Jerritt Canyon's pre/post shift off the clock policy and bonus pay scheme violate Nevada law by depriving Rosales and the other Hourly Employees of timely payment of earned wages for all hours worked, including overtime hours, upon termination of employment.

### JURISDICTION & VENUE

16.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

17.    This Court has supplemental jurisdiction of the state-law claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

18.    This Court has general personal jurisdiction over Jerritt Canyon because Jerritt Canyon is a Nevada limited liability company and over FM US Holdings Limited because it is a Nevada corporation.

19.    Venue is proper because Jerritt Canyon is a Nevada limited liability company and FM US Holdings Limited is a Nevada corporation, with its principal place of business in Las Vegas, Nevada, and Rosales worked for both in this District. *See* 28 U.S.C. § 1391(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PARTIES

20.     Jerritt Canyon employed Rosales in its Nevada mine from approximately June 2022 through April 2023.

21.     Jerritt Canyon classified Rosales as non-exempt and paid him by the hour.

22.     Jerritt Canyon subjected Rosales to its pre/post shift off the clock policy and bonus pay scheme.

23.     Rosales' written consents are attached as **Exhibit 1** and **Exhibit 2**.

24.     Rosales brings this class and collective action on behalf of himself and other similarly situated Jerritt Canyon employees who were also subject to Jerritt Canyon's pre/post shift off the clock policy and/or bonus pay scheme.

25.     The FLSA collective of similarly situated employees is defined as:

> **All hourly Jerritt Canyon employees during the past 3 years through final resolution of this action ("FLSA Collective Members").**

26.     Rosales also seeks to represent a class under Nevada law pursuant to FED. R. CIV. P. 23.

27.     The Nevada Class of similarly situated employees is defined as:

> **All hourly Jerritt Canyon employees in Nevada during the past 3 years through final resolution of this action ("Nevada Class Members").**

28.     The FLSA Collective Members and Nevada Class Members are collectively referred to as the "Hourly Employees."

29.     Both Jerritt Canyon Gold LLC and FM US Holdings Limited are wholly owned subsidiaries of a Canadian corporation, First Majestic Silver Corp.

30.     Jerritt Canyon Gold LLC is the operator of the Jerritt Canyon mine and FM US Holdings Limited is the manager of Jerritt Canyon.

31.     Jerritt Canyon Gold LLC is a Nevada limited liability company.

- 4 -
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

32.     Jerritt Canyon Gold LLC may be served with process by serving its registered agent: **Rew R. Goodenow, 50 W. Liberty St., Ste. 750, Reno, Nevada 89501**.

33.     FM US Holdings Limited is a Nevada corporation.

34.     FM US Holdings Limited may be served with process by serving its registered agent: **Rew R. Goodenow, 50 W. Liberty St., Ste. 750, Reno, Nevada 89501**.

## FLSA COVERAGE

35.     At all relevant times, Jerritt Canyon has been an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

36.     At all relevant times, Jerritt Canyon has been an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

37.     At all relevant times, Jerritt Canyon has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as personal protective equipment, tools, computers, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1)

38.     At all relevant times, Jerritt Canyon has had an annual gross volume of revenue made or business done of over $1,000,000 each year.

39.     At all relevant times, Rosales and the other Hourly Employees have been Jerritt Canyon's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

40.     At all relevant times, Rosales and the other Hourly Employees have been engaged in commerce or in the production of goods for commerce.

## FACTS

41.     Jerritt Canyon touts that since its inception, its Nevada mine has produced "approximately 9.8 million ounces of gold [] over it's 40+ year history."[1]

---

[1] https://www.firstmajestic.com/projects/exploration-development/jerritt-canyon/ (last visited January 21, 2025).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

42.     Jerritt Canyon "temporarily suspended mining operations [in Nevada] due to several ongoing challenges" in 2023, although non-mining operations continue.[2]

43.     To meet its business objectives, Jerritt Canyon hires workers, like Rosales and the other Hourly Employees.

44.     While exact job titles and precise job duties may differ, Rosales and the other Hourly Employees are all subject to Jerritt Canyon's same or similar illegal policies—its pre/post shift off the clock policy and bonus pay scheme—while performing the same or similar work.

45.     For example, Rosales worked for Jerritt Canyon as a crusher operator from approximately June 2022 until April 2023.

46.     As a crusher operator, Rosales' job duties included monitoring and ensuring the smooth operation of the rock crusher and attached belts that transported gravel produced by the crusher through assisting with maintenance and repair of the mechanical components and shoveling rock and gravel off of the belts when build up clogged the belts.

47.     Rosales' job duties likewise included donning and doffing safety gear and protective clothing, traveling to and from the crusher, and washing up, on Jerritt Canyon's premises, "off the clock," before and after his scheduled shifts.

48.     Jerritt Canyon paid Rosales by the hour.

49.     Jerritt Canyon paid Rosales approximately $32.50 an hour.

50.     Throughout his employment, Rosales worked 4 to 6 days a week for approximately 12 hours a day "on the clock" (48 to 72 hours a workweek).

51.     Rosales alternated between working scheduled day shifts and night shifts from 7 a.m. to 7 p.m. or 7 p.m. to 7 a.m.

52.     Likewise, the other Hourly Employees generally work 4 to 6 days a week for approximately 12 hours a day "on the clock" (48 to 72 hours a workweek) following the same schedule as Rosales.

---

[2] *Id.*

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

53.     But Jerritt Canyon management required Rosales to "clock in" no more than five minutes prior to his scheduled 7 a.m./p.m. start time, so that its timekeeping system rounded his recorded start time as his scheduled start time.

54.     And likewise Jerritt Canyon imposed this policy on the other Hourly Employees.

55.     And Jerritt Canyon required Rosales and the other Hourly Employees to clock out so that its timekeeping system would round their recorded shift end times to match their scheduled shift end times.

56.     Thus, Jerritt Canyon does not accurately track the number of hours Rosales and the other Hourly Employees actually work in a given workday or workweek.

57.     Further, throughout their employment, Jerritt Canyon has failed to pay Rosales and the other Hourly Employees for all their hours worked.

58.     Instead, Jerritt Canyon subjects Rosales and the other Hourly Employees to its pre/post shift off the clock policy.

59.     For example, Jerritt Canyon required Rosales to arrive at the mine, dress out in his required protective clothing and safety gear (including hard hat, reflective and fire retardant clothing, ear protection, steel toed rubber boots, safety glasses, gloves, respirator, dust mask), fundamentally necessary to performing his job and travel to the crusher, prior to his shifts, "off the clock," and without compensation.

60.     This integral and indispensable work took Rosales approximately 30 minutes each workday.

61.     Rosales could not perform his job duties in accordance with Jerritt Canyon's policies, procedures, and expectations without this protective clothing and safety gear.

62.     Rosales could not safely perform his job duties in accordance with Jerritt Canyon's policies, procedures, and expectations without this protective clothing and safety gear.

63.     Indeed, much of the safety gear Rosales must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq.*

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

64. The donning of protective clothing and safety gear each workday were integral and indispensable work duties for Rosales.

65. Likewise, Jerritt Canyon required Rosales to remove and store his safety gear and protective clothing and wash up after his shifts "off the clock" and without compensation.

66. This took Rosales approximately 30 minutes each workday.

67. Rosales could not perform his job duties in accordance with Jerritt Canyon's policies, procedures, and expectations without removing and storing his safety gear and protective clothing and washing up each workday.

68. Rosales could not safely perform his job duties in accordance with Jerritt Canyon's policies, procedures, and expectations without removing and storing his safety gear and protective clothing and washing up each workday.

69. The removal and storing of his safety gear and protective clothing and washing up are therefore integral and indispensable work duties for Rosales.

70. But under its pre/post shift off the clock policy, Jerritt Canyon did not compensate Rosales for the same.

71. Thus, because of its pre/post shift off the clock policy, Jerritt Canyon failed to pay Rosales wages for all hours worked, including overtime wages for all his overtime hours worked, in violation of the FLSA and Nevada Law.

72. And Jerritt Canyon did not authorize or permit Rosales to take meal or rest periods. *See* Nev. Rev. Stat. § 608.019 and Nev. Admin. Code § 608.145.

73. Rather, Jerritt Canyon required Rosales to perform his regular job duties throughout his shifts.

74. Rosales and the other Hourly Employees perform their jobs under Jerritt Canyon's supervision and use materials, equipment, and technology Jerritt Canyon approves and supplies.

75. Jerritt Canyon requires Rosales and the other Hourly Employees to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

- 8 -
ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

76.    At the end of each pay period, Rosales and the other Hourly Employees receive wages from Jerritt Canyon that are determined by common systems and methods that Jerritt Canyon selects and controls.

77.    But, just as with Rosales, Jerritt Canyon fails to pay the other Hourly Employees for all their hours worked.

78.    Indeed, Jerritt Canyon subjects the other Hourly Employees to its pre/post shift off the clock policy it imposed on Rosales.

79.    Specifically, like Rosales, Jerritt Canyon requires the other Hourly Employees to arrive at the mine, dress out in their required protective clothing and safety gear (including hard hat, reflective and fire retardant clothing, ear protection, steel toed rubber boots, safety glasses, gloves, respirator, dust mask), fundamentally necessary to performing their jobs and travel to their work stations, prior to their shifts, "off the clock," and without compensation.

80.    As with Rosales, much of the safety gear the other Hourly Employees must utilize is mandated by federal regulation. *See e.g.*, 29 C.F.R. § 1910.132; 30 C.F.R. § 56, *et seq.*

81.    And like Rosales, Jerritt Canyon requires the other Hourly Employees to remove and store their safety gear and protective clothing and wash up after "clocking out" for their shifts.

82.    And, just as with Rosales, Jerritt Canyon does not pay the other Hourly Employees for this integral and indispensable work they perform "off the clock" before and after their scheduled shifts.

83.    And like Rosales, these job duties take the other Hourly Employees approximately an hour each workday.

84.    Jerritt Canyon fails to exercise its duty as the Hourly Employees' employer to ensure they are not performing work "off the clock" (on its premises) that Jerritt Canyon does not want performed.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

85.    And Jerritt Canyon knows, should know, or recklessly disregards whether Rosales and the other Hourly Employees routinely perform work "off the clock," and without compensation, before and after their scheduled shifts.

86.    Thus, Jerritt Canyon requires, requests, suffers, permits, or allows Rosales and the other Hourly Employees to perform compensable work "off the clock," without compensation, before and after their scheduled shifts.

87.    Despite accepting the benefits, Jerritt Canyon does not pay Rosales and the other Hourly Employees for the compensable work they perform "off the clock" before and after their scheduled shifts.

88.    Thus, under Jerritt Canyon's pre/post shift off the clock policy, Rosales and the other Hourly Employees are denied wages, including overtime wages, for compensable work they perform "off the clock" before and after their scheduled shifts, in violation of the FLSA and Nevada law.

89.    And, just as with Rosales, Jerritt Canyon does not authorize or permit the other Hourly Employees to take meal or rest periods. *See* Nev. Rev. Stat. § 608.019 and Nev. Admin. Code § 608.145.

90.    Rather, like Rosales, Jerritt Canyon requires the other Hourly Employees to perform their regular job duties throughout their shifts.

91.    Further, throughout their employment, Jerritt Canyon has paid Rosales and the other Hourly Employees according to its bonus pay scheme.

92.    Specifically, Jerritt Canyon pays Rosales and the other Hourly Employees non-discretionary bonuses calculated based on production and the number of hours worked by each Hourly Employee.

93.    Jerritt Canyon knew these non-discretionary bonuses should have been, but were not, included in Rosales' and the other Hourly Employees' regular rates of pay for overtime purposes.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

94.     As a result, Jerritt Canyon failed to pay Rosales and the other Hourly Employees overtime at a rate not less than 1.5 times their regular rates of pay—based on all remuneration—for hours worked over 40 a workweek, in violation of the FLSA and Nevada law.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

95.     Rosales brings his claims as a class and collective action under Section 216(b) of the FLSA and under Nevada law pursuant to Fed. R. Civ. P. 23.

96.     Like Rosales, the other Hourly Employees are victimized by Jerritt Canyon's pre/post shift off the clock policy and/or bonus pay scheme.

97.     Other Hourly Employees worked with Rosales and indicated they were paid in the same manner, performed similar work, and were subject to Jerritt Canyon's same pre/post shift off the clock policy and/or bonus pay scheme.

98.     Based on his experiences with Jerritt Canyon, Rosales is aware Jerritt Canyon's pre/post shift off the clock policy and bonus pay scheme were imposed on other Hourly Employees.

99.     The Hourly Employees are similarly situated in the most relevant respects.

100.     Even if their precise job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to wages for all hours worked, including overtime wages.

101.     Rather, the Hourly Employees are held together by Jerritt Canyon's pre/post shift off the clock policy and bonus pay scheme, which systematically deprive Rosales and the other Hourly Employees of required wages, including required overtime wages, for all hours worked, including hours in excess of 40 a workweek.

102.     Therefore, the specific job titles or precise job locations of the Hourly Employees do not prevent class or collective treatment.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

103.    Jerritt Canyon's failure to pay these employees "straight time" and overtime wages at the rates required by the FLSA and/or Nevada law results from generally applicable, systematic policies, and practices that are not dependent on the personal circumstances of the Hourly Employees.

104.    The Hourly Employees are denied overtime wages at the required premium rates for all overtime hours worked when they work more than 40 hours in a workweek.

105.    Jerritt Canyon's records show the number of hours the Hourly Employees worked "on the clock" each workweek.

106.    The back wages owed to Rosales and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

107.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Jerritt Canyon's records, and there is no detraction from the common nucleus of liability facts.

108.    Therefore, the issue of damages does not preclude class or collective treatment.

109.    Rosales' experiences are therefore typical of the experiences of the other Hourly Employees.

110.    Rosales has no interest contrary to or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

111.    Like each Hourly Employee, Rosales has an interest in obtaining the unpaid wages owed under federal and Nevada law.

112.    Rosales and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

113.    Rosales retained counsel with significant experience in complex class and collective action litigation.

114.    A class and collective action is superior to other available means for fair and efficient adjudication of this action.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

115.     Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Jerritt Canyon will reap the unjust benefits of violating the FLSA and Nevada law.

116.     Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome.

117.     Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and Jerritt Canyon.

118.     Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

119.     The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual Hourly Employees.

120.     Among the common questions of law and fact are:

    a.     Whether Jerritt Canyon's pre/post shift off the clock policy failed to compensate the Hourly Employees for all hours worked;

    b.     Whether Jerritt Canyon's pre/post shift off the clock policy deprived the Hourly Employees of overtime when they worked more than 40 hours in a workweek;

    c.     Whether Jerritt Canyon's pre/post shift off the clock policy deprived the Hourly Employees of earned wages upon termination of employment;

    d.     Whether Jerritt Canyon's bonus pay scheme deprived the Hourly Employees of overtime at the required rate, based on all remuneration, when they worked more than 40 hours in a workweek;

    e.     Whether Jerritt Canyon's bonus pay scheme deprived the Hourly Employees of earned wages, including overtime wages, upon termination of employment;

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

f.       Whether Jerritt Canyon's decision not to pay the Hourly Employees all "straight time" and overtime wages due was made in good faith; and

g.       Whether Jerritt Canyon's violations were willful?

121.    Rosales knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

122.    Jerritt Canyon's pre/post shift off the clock policy and bonus pay scheme deprive Rosales and the other Hourly Employees of wages, including overtime wages, they are owed under federal and Nevada law.

123.    There are many similarly situated Hourly Employees who have been denied wages, including overtime wages, in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

124.    The Hourly Employees are known to Jerritt Canyon and can be readily identified and located through Jerritt Canyon's business and personnel records.

**JERRITT CANYON'S VIOLATIONS WERE WILLFUL**

125.    Jerritt Canyon knew it was subject to the FLSA's and Nevada Law's minimum wage, hours of work, overtime, and earned wages provisions.

126.    Jerritt Canyon knew the FLSA and Nevada law required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

127.    Jerritt Canyon knew each Hourly Employee worked more than 40 hours in at least one workweek during the relevant period.

128.    Jerritt Canyon knew it paid its Hourly Employees according to its pre/post shift off the clock policy and/or bonus pay scheme.

129.    Jerritt Canyon knew it had a duty to ensure its Hourly Employees were not performing work "off the clock" (without pay).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

130.    Jerritt Canyon knew it required the Hourly Employees to don and doff safety gear and protective clothing, attend meetings, and wash-up "off the clock."

131.    Jerritt Canyon knew it controlled the Hourly Employees' work procedures.

132.    Jerritt Canyon knew its Hourly Employees' mandatory "off the clock" work was a fundamental requirement of their jobs.

133.    Jerritt Canyon knew its Hourly Employees' mandatory "off the clock" work was an integral and indispensable requirement of their jobs.

134.    Jerritt Canyon knew its Hourly Employees routinely performed this daily, required "off the clock" work for Jerritt Canyon's benefit.

135.    In other words, Jerritt Canyon knew its Hourly Employees performed compensable work (*e.g.*, donning/doffing their safety gear and protective clothing and washing-up) "off the clock" and without compensation.

136.    Jerritt Canyon knew it paid the Hourly Employees non-discretionary bonuses that were required to be included in their regular rates of pay.

137.    Jerritt Canyon knew its pre/post shift off the clock policy and bonus pay scheme failed to compensate the Hourly Employees for all hours worked, including overtime hours.

138.    Jerritt Canyon knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA and Nevada law.

139.    Jerritt Canyon knowingly, willfully, and/or in reckless disregard carried out its pre/post shift off the clock policy and bonus pay scheme that systematically deprived the Hourly Employees of "straight time" wages, earned wages, and overtime for their hours worked over 40 in a workweek, in violation of the FLSA and Nevada law.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

140.    Rosales bring his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

141.    Jerritt Canyon violated, and is violating, the FLSA by employing non-exempt employees (Rosales and the other FLSA Collective Members) in a covered enterprise for workweeks in excess of 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay— based on all remuneration—for all hours worked in excess of 40 a workweek.

142.    Jerritt Canyon's unlawful conduct harmed Rosales and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

143.    Accordingly, Jerritt Canyon owes Rosales and the other FLSA Collective Members the difference between the rate actually paid and the required overtime rate, based on all remuneration.

144.    Because Jerritt Canyon knew, or showed reckless disregard for whether, its pre/post shift off the clock policy and bonus pay scheme violated the FLSA, Jerritt Canyon owes Rosales and the other FLSA Collective Members these wages for at least the past 3 years.

145.    Jerritt Canyon is also liable to Rosales and the other FLSA Collective Members for an amount equal to all their unpaid wages as liquidated damages.

146.    Finally, Rosales and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

<u>**COUNT II**</u>
**FAILURE TO PAY FOR ALL HOURS WORKED**
**(NEVADA CLASS MEMBERS)**

147.    Rosales brings his claim for failure to pay for all hours worked as a class action on behalf of himself and the other Nevada Class Members under Nevada law pursuant to Fed. R. Civ P. 23.

148.    Rosales has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

149.    At all relevant times, Jerritt Canyon was subject to Nevada law because Jerritt Canyon was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

150.    At all relevant times, Jerritt Canyon employed Rosales and each Hourly Employee as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

151.    NRS 608.016 provides that "an employer shall pay to the employee[s] wages for each hour the employee[s] worked." Nev. Rev. Stat. § 608.016.

152.    Specifically, pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." Nev. Admin. Code 608.115(1).

153.    Jerritt Canyon failed to compensate Rosales and the other Nevada Class Members for all hours worked, as described in this Complaint.

154.    Accordingly, Rosales "bring[s] a civil action to recover the difference between the amount paid to [Rosales and the Nevada Class Members] and the amount of the minimum wage," for each hour worked. Nev. Rev. Stat. § 608.260.

155.    As noted, Jerritt Canyon did not compensate Rosales and the other Nevada Class Members for integral and indispensable work before and after their shifts, performed under Jerritt Canyon's direction and control and on Jerritt Canyon's premises.

156.    Nevada's Minimum Wage Amendment to the Nevada Constitution, Nev. Const. Art. 15, § 16, guarantees a minimum wage for each individual hour worked, rather than as an average over a workweek. *See Porteous v. Capital One Servs. II, LLC*, 809 F. App'x 354, 357 (9th Cir. 2020).

157.    Rosales and the other Nevada Class Members have been deprived of their rightfully earned wages as a direct and proximate result of Jerritt Canyon's company-wide policies and practices.

158.    As a direct and proximate result, Rosales and the other Nevada Class Members have suffered, and continue to suffer, substantial damages.

159.    Jerritt Canyon regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Rosales and the Nevada Class Members.

160.    Through this unlawful course of conduct, Jerritt Canyon has deprived and continues to deprive Rosales and the Nevada Class Members of records necessary to calculate with precision the compensation due to them.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

161.     Jerritt Canyon's actions were (and are) willfully oppressive, fraudulent and malicious, entitling Rosales and the Nevada Class Members to punitive damages.

162.     Jerritt Canyon's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to the claims.

163.     In accordance with N.R.S. 608.140, demand has been made to Jerritt Canyon for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

164.     Accordingly, Rosales and the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law. *See* Nev. Rev. Stat. § 608.005 *et seq.*

### COUNT III
### FAILURE TO PAY MINIMUM WAGES
### (NEVADA CLASS MEMBERS)

165.     Rosales brings his failure to pay minimum wages claim as a class action on behalf of himself and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ P 23.

166.     Rosales has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

167.     At all relevant times, Jerritt Canyon was subject to Nevada law because Jerritt Canyon was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

168.     At all relevant times, Jerritt Canyon employed Rosales and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

169.     Nev. Const. Art. 15, § 16 sets forth the minimum wage requirements in the State of Nevada. Section 16 provides that:

> The provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of the State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any

- 18 -

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

violation of the section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs.

170.   Accordingly, Rosales and the Nevada Class Members are entitled to recover their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all unpaid hours worked, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law.

## COUNT IV
### FAILURE TO PAY OVERTIME WAGES
### (NEVADA CLASS MEMBERS)

171.   Rosales brings his failure to pay overtime claim as a class action on behalf of himself and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ P 23.

172.   Rosales has a private cause of action for unpaid overtime wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

173.   At all relevant times, Jerritt Canyon was subject to Nevada law because Jerritt Canyon was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

174.   At all relevant times, Jerritt Canyon employed Rosales and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

175.   Nevada law requires that employers, such as Jerritt Canyon, pay employees, such as Rosales and the Nevada Class Members at least 1.5 times their regular rate of pay for all hours worked in excess of 40 a workweek. Nev. Rev. Stat. § 608.018(2).

176.   Rosales and the Nevada Class Members have been deprived of their overtime wages at the required rate—based on all remuneration—for all hours worked in excess of 40 a workweek as a direct and proximate result of Jerritt Canyon's pre/post shift off the clock policy and bonus pay scheme.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

177.    Jerritt Canyon regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by NRS 608.115, with respect to Rosales and the Nevada Class Members.

178.    Through this unlawful course of conduct, Jerritt Canyon has deprived and continues to deprive Rosales and the Nevada Class Members of records necessary to calculate with precision the overtime compensation due to them.

179.    Jerritt Canyon's actions were willfully oppressive, fraudulent and malicious, entitling Rosales and the Nevada Class Members to punitive damages.

180.    Jerritt Canyon's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

181.    In accordance with N.R.S. 608.140, demand has been made to Jerritt Canyon for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

182.    Accordingly, Rosales and the Nevada Class Members are entitled to recover unpaid overtime wages owed, punitive damages, plus costs, interest, attorneys' fees, and other appropriate relief under Nevada law, including, but not limited to all damages, fees and costs, available under Nevada law. *See* N.R.S. § 608.005 *et seq.*

<u>**COUNT V**</u>
**FAILURE TO PAY ALL WAGES UPON TERMINATION**
**(NEVADA CLASS)**

183.    Rosales brings his failure to pay overtime claim as a class action on behalf of themselves and the other Nevada Class Members under Nevada law and pursuant to Fed. R. Civ P 23.

184.    Rosales has a private cause of action for unpaid wages pursuant to NRS 608.140. *See Neville v. Eighth Judicial District Court in and for County of Clark*, 406 P.3d 777, 783 (Nev. 2017).

185.    At all relevant times, Jerritt Canyon was subject to Nevada law because it was (and is) an "employer" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.011.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

186.    At all relevant times, Jerritt Canyon employed Rosales and each Nevada Class Member as its covered "employees" within the meaning of Nevada law. *See* Nev. Rev. Stat. § 608.010.

187.    When an employer, such as Jerritt Canyon, terminates an employee, such as Rosales or other Nevada Class Members, their wages and compensation earned but unpaid at the moment of discharge immediately become due and payable and become due and payable to a quitting or resigning employee within 7 days or the next regular payday. Nev. Rev. Stat. §§ 608.020 and 608.030.

188.    Employers that do not pay discharged employees all earned wage "[w]ithin 3 days after the wages or compensation of a discharged employee becomes due" and pay all quitting or resigning employees "on the day the wages or compensation is due" are subject to a penalty equivalent to "the wages or compensation of the employee at the same rate from the day the employee resigned, quit or was discharged or placed on nonworking status until paid or for 30 days, whichever is less." Nev. Rev. Stat. 608.040(1)(a-b).

189.    NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purposes of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default." Nev. Rev. Stat. § 608.050.

190.    By failing to pay Rosales and the other Nevada Class Members for all hours worked (including minimum wages, regular wages, and/or overtime wages owed) in violation of Nevada law, at the required rate, based on all remuneration, Jerritt Canyon has failed to timely pay all wages due and owing to Rosales and the other Nevada Class Members who have separated their employment.

191.    Jerritt Canyon's violations were intentional and, as such, the three-year statute of limitation found in N.R.S. § 11.190(3) applies to those claims.

192.    In accordance with N.R.S. 608.140, demand has been made to Jerritt Canyon for wages and penalties due on a class-wide basis, in writing, at least 5 days before this suit was filed.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

193.    Rosales and Nevada Class Members who are no longer employed by Jerritt Canyon, respectfully request that the Court award all penalties due in accordance with NRS 608.140 and 608.040, and an additional 30 days' wages under NRS 608.050, together with attorneys' fees, costs, interest as provided by Nevada law. Nev. Rev. Stat. § 608.005 *et seq.*

JURY DEMAND

194.    Rosales demands a trial by jury on all Counts.

RELIEF SOUGHT

WHEREFORE, Rosales, individually and on behalf of the other Hourly Employees, seeks the following relief:

a.    An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b.    An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.    An Order appointing Rosales and his counsel to represent the interests of the Hourly Employees;

d.    An Order finding Jerritt Canyon liable to Rosales and the Hourly Employees for their unpaid overtime wages, liquidated damages, and any penalties, owed under the FLSA, plus interest;

e.    An Order finding Jerritt Canyon liable to Rosales and the Nevada Class Members for their unpaid minimum wages, overtime wages, earned wages, penalties, and all damages, including punitive damages, owed and available under Nevada law, plus interest;

f.    A Judgment against Jerritt Canyon awarding Rosales and the Hourly Employees all their unpaid wages, including overtime wages, liquidated

- 22 -

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT<br>*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

damages, statutory damages, and any other penalties available under the FLSA and/or Nevada law;

g.      An Order awarding attorney's fees, costs, and expenses;

h.      Pre- and post-judgment interest at the highest applicable rates; and

i.      Such other and further relief as may be necessary and appropriate.

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

1    Dated: February 7, 2025.                          Respectfully submitted,

2                                                       RODRIGUEZ LAW OFFICES, P.C.

3                                                       By: /s/ Esther Rodriguez
4                                                       Esther C. Rodriguez
                                                        Nevada State Bar No. 006473
5                                                       10161 Park Run Drive, Suite 150
                                                        Las Vegas, Nevada 89145
6                                                       Tel: (702) 320-8400; Fax: (702) 320-8401
                                                        info@rodriguezlaw.com
7
                                                        Michael A. Josephson*
8                                                       Andrew W. Dunlap*
                                                        JOSEPHSON DUNLAP LLP
9                                                       11 Greenway Plaza, Suite 3050
                                                        Houston, Texas 77046
10                                                      713-352-1100 – Telephone
                                                        713-352-3300 – Facsimile
11                                                      mjosephson@mybackwages.com
                                                        adunlap@mybackwages.com
12
                                                        Richard J. (Rex) Burch*
13                                                      BRUCKNER BURCH PLLC
14                                                      11 Greenway Plaza, Suite 3025
                                                        Houston, Texas 77046
15                                                      713-877-8788 – Telephone
                                                        rburch@brucknerburch.com
16
                                                        *Pro hac vice applications forthcoming
17
                                                        ATTORNEYS FOR ROSALES &
18                                                      THE HOURLY EMPLOYEES
19

20

21

22

23

24

25

26

27

28

ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT
*Rosales v. Jerritt Canyon Gold LLC and FM US Holdings Limited*

# EXHIBIT 1

**CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: __Nicandro Rosales__

1.  I hereby consent to make a claim against __Jerritt Canyon Gold__ to pursue my claims of unpaid overtime during the time that I worked with the company.

2.  I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of any agreements concerning settlement, attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3.  I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against __Jerritt Canyon Gold__.

4.  I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: _Nicandro_
Nicandro (Jan 22, 2025 16:38 PST)

Date Signed: __Jan 22, 2025__

# EXHIBIT 2

**CONFIDENTIAL FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: <u>Nicandro Rosales</u>

1. I hereby consent to make a claim against <u>FM Holdings US</u> to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of any agreements concerning settlement, attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against <u>FM Holdings US</u>.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: <u>*Nicandro*</u>
Nicandro (Jan 22, 2025 16:38 PST)

Date Signed: <u>Jan 22, 2025</u>